Dear Captain Taylor:
This office is in receipt of your request for an opinion of the Attorney General in regard to medical expenses of city inmates. You indicate certain individuals are arrested following an altercation and are in need of medical assistance and the department is billed. In certain instances there are pre-existing medical problems for which bills are incurred. These costs quickly deplete the budget covering medical expenses, and you maintain that your office cannot continue this expenditure without some type of reimbursement.
You state that "sheriffs and jailkeepers" shall be responsible for medical expenses for injuries of inmates while in custody, quoting R.S. 15:705, and you ask whether the term "jailkeepers" encompasses the municipal jail. In this regard you note that R.S. 15:705, entitled "Food and clothing provisions for prisoners; payment of medical expenses", provides in Section C(3) "each governing authority" shall establish rules for the collection of such expenses from the inmate. You ask if that can be construed to mean municipal jails and city councils as well as police juries.
You further inquire, in the event the statutes cover only the parish jail, what steps need to be taken to incorporate municipalities under such provisions, observing, however, that if you are included under "jailkeeper", you can proceed with enacting an ordinance, policy and procedure.
We do not find that R.S. 15:705 can be construed to cover municipal jails when the provision is read in full.
While Paragraph A(1) of R.S. 15:705 requires "sheriffs or jailkeepers" supply each prisoner with proper food and clothing, Paragraph (2)(a) then states "the governing authority of eachparish may obtain reimbursement from an inmate for certain expenses * * * in accordance with subparagraph (b)". Then Paragraph (C)(1) authorizes "the governing authority of eachparish" to obtain reimbursement from an inmate for his medical and dental expenses setting forth in 3(a) and (b) the procedure for the collection of such expenses from the inmate. Finally, Paragraph (C)(5) provides as follows:
 For purposes of this Subsection "inmate" means any prisoner confined to a parish correctional facility but shall not include inmates sentenced to the Department of Public Safety and Corrections who are in the custody of the sheriff.
Consequently, we must conclude that payment of medical expenses and reimbursement under R.S. 15:705 is relative to prisoners confined in parish facilities as parish inmates and is not applicable to municipal jails.
This office has recognized a city jailer's duties include the care, custody and control of its inmates. While we reach the conclusion that the statutory provisions relative to obtaining reimbursement for medical expenses from inmates does not include city jails, we find nothing which would preclude city government from establishing a similar procedure by ordinance.
We hope this sufficiently answers your inquiry, but if we can be of more assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR